***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Rowell. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
Based upon the evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On or about June 4, 2004, plaintiff filed a Tort Claim Affidavit with the North Carolina Industrial Commission alleging medical negligence.
2. At the hearing held May 20, 2005, plaintiff was ordered by Deputy Commissioner Rowell to provide to the Industrial Commission and defendant a written statement signed by a medical provider indicating he would be willing to review plaintiff's medical records and testify in support of plaintiff's claim within 60 days from the filing date of the Order. Plaintiff was also informed that the failure of plaintiff to provide the undersigned with the necessary statement within the time allowed would result in the dismissal of plaintiff's claim. The Order by Deputy Commissioner Rowell was filed on June 13, 2005.
3. On November 3, 2005, defendant filed a Motion to Dismiss in which it is noted that plaintiff has failed to provide the required statement from a qualified medical expert within the allotted time period.
4. Upon review of plaintiff's file, the undersigned find that plaintiff has failed to provide the Industrial Commission and Defendant with a statement from a qualified medical expert indicating the expert would be willing to review plaintiff's medical records and testify in support of plaintiff's claim
 * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure "[a]ny complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. § 90-21.12
shall be dismissed unless:
 a. The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care; b. The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.
2. Pursuant to N.C. Gen. Stat. § 90-21.12, plaintiff must show that the NCDOC's physician provided plaintiff with a level of care not in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged negligent act giving rise to the cause of action; and that generally, expert testimony is necessary to establish this standard of care. Warren v. Canal Indus.,Inc., 61 N.C. App. 211, 300 S.E.2d 557 (1983).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. NCDOC'S Motion To Dismiss is GRANTED. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed at this time.
This the 1st day of November 2006.
 S/_______________ DIANNE C. SELLERS, COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE, CHAIRMAN.
 S/_____________ THOMAS J. BOLCH, COMMISSIONER.